# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**C.B.**
**Petitioner Below, Petitioner**

**vs)    No. 13-0498** (Cabell County 99-C-320)

**Marvin Plumley, Warden**
**Respondent Below, Respondent**

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner C.B.[1,] by counsel Abraham J. Saad, appeals the Circuit Court of Cabell County's order entered on March 20, 2013, denying petitioner habeas relief. Respondent Warden Plumley, by counsel Laura Young, has filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner C.B. was indicted on two counts of first degree sexual assault and one count of sexual abuse by a parent, guardian, or custodian in September of 1996. The victim was a preschool aged girl. Petitioner moved to suppress statements he made to a state trooper just after his release from the hospital due to an apparent overdose. The trooper later testified that he informed petitioner of his rights and petitioner indicated he understood the same prior to making his statements. The trooper also testified that the statements were given freely and there was no indication that petitioner had any type of impairment. Petitioner executed the written *Miranda* form. Petitioner later testified that he did not remember telling the police that the child was four years old at the time; that she had her mouth on his penis; or, that his daughter and his son had touched his penis. After a hearing, the circuit court found that there was no evidence the statement was involuntarily given or that medications induced the statement; therefore, the statement was deemed admissible.

---

[1]"We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dep't of Human Servs. v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987) (citations omitted).

1

Petitioner went to trial in January of 1997 and was found guilty on all counts. He was then sentenced on October 14, 1997, to two concurrent sentences of fifteen to thirty-five years of incarceration on the first degree sexual assault charges, and five to fifteen years of incarceration on the count of sexual abuse by a parent, guardian, or custodian, to be served consecutively with the first two sentences.

Petitioner appealed his conviction to this Court on February 17, 1998, but his petition was refused. He filed a pro se petition for writ of habeas corpus on April 29, 1999, and a hearing was held on that petition on May 30, 2001. The circuit court denied the habeas petition. The circuit court found that there was no evidence petitioner's confession was not voluntary. As to the admission of Rule 404(b) evidence, the court found that the introduction of evidence that he possessed pornography and sexual aids was not more prejudicial than probative, and that the testimony by his minor daughter of one instance of sexual abuse against her by petitioner did not violate any specific constitutional right. The habeas court noted that the trial court did investigate whether Attorney Wilson, formerly with the public defender's office, who had moved to the prosecuting attorney's office prior to this action, should be allowed to participate in the trial, and concluded that the case that petitioner had while Wilson was at the public defender's office was a domestic violence case, which had nothing to do with this matter. Moreover, there was no indication that petitioner objected to Wilson's participation when his counsel told him about it initially. As to the claim of ineffective assistance of counsel, the court heard testimony from petitioner's trial counsel and determined that his decisions were strategic and not representative of ineffective assistance. Petitioner appeals from this denial.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner reasserts the same assignments of error that he raised in circuit court. He argues that the court erred in allowing statements by petitioner to law enforcement personnel that were given immediately upon his release from the hospital, as they were not voluntarily given. He also argues that the court erred in allowing the introduction of a separate instance of sexual abuse involving a minor child. Further, he argues that the prosecutor made inappropriate comments during the trial and allowed a former member of the public defender's office to participate in the prosecution, and argued that defense counsel was ineffective by failing to have the child victim examined by a physician.

2

Our review of the record uncovers no error in the circuit court's decision to deny habeas corpus relief based on petitioner's arguments on appeal. The circuit court's order reflects its thorough findings of fact and conclusions of law concerning the same arguments petitioner has raised on appeal. The record on appeal reveals no support for any of petitioner's assignments of error. There was no evidence that petitioner gave the statements to police involuntarily or that he was somehow incapable of giving a knowing and voluntary statement. As to the entry of evidence of other sexual abuse, the trial court properly held a Rule 404(b) hearing and the habeas count found that the evidence was not erroneously admitted. The court also properly found no prosecutorial misconduct when he referred to petitioner as a perverted, lustful, and predatory person, as this did not implicate petitioner's constitutional rights. Likewise, there was no error in the fact that one of the prosecutors was formerly with the public defender's office, as there was no evidence that she had worked on any case petitioner previously had while he was represented by the public defender's office and thus there was no conflict. Finally, the court found no ineffective assistance of counsel for counsel's failure to have the child victim examined by a physician, finding that the risk of what an evaluation would uncover was too great to chance, and the decision was within the discretion of counsel and based on counsel's trial strategy.

Having reviewed the circuit court's "Amended Order Denying Writ of Habeas Corpus" entered on March 20, 2013, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

FILED

STATE OF WEST VIRGINIA EX REL. 2012 MAR 20 P 1: 25

Ch.         B
              Petitioner

ADELL CHANDLER
CIRCUIT CLERK
CABELL COUNTY

v.                                    CIVIL ACTION NO. 99-C-320
                                      PAUL T. FARRELL, CHIEF JUDGE

EVELYN SEIFERT, Warden,
        Respondent

## AMENDED ORDER DENYING WRIT OF HABEAS CORPUS

This final Order is being re-entered for the purpose of allowing the Petitioner additional time to file a petition for appeal. This is a final order from which an appeal may be taken.

This matter came before this Court on April 28, 1999, when Petitioner filed his original Petition under W. Va. Code § 53-4A-1 for Writ of Habeas Corpus. This matter was pending before the Honorable John Cummings initially. Judge Cummings retired and Judge F. Jane Hustead was elected to replace him. Judge Hustead is a former prosecutor and was not at liberty to hear the underlying habeas corpus petition, since she was a member of the office of the prosecuting attorney when the Petitioner's underlying conviction took place. This matter was transferred by mutual agreement to Judge Dan O'Hanlon by order entered November 4, 2009. In late 2010, Judge Dan O'Hanlon retired. On February 14, 2011, Judge Paul T. Farrell was appointed to fill the vacancy.

The Court has considered the Petition, the Respondent's responses, the supporting memoranda of law, the record and available transcripts of the hearing, and has reviewed all pertinent legal authorities. As a result of these deliberations, and for the reasons stated below,

1

the Court has concluded that the Petitioner failed to establish a basis for his Petition and that Petitioner's Petition for a Writ of Habeas Corpus Ad Subjiciendum should be denied.

## FACTS AND PROCEDURAL HISTORY

Petitioner was charged in Indictment No. 96-F-207 with two counts of first degree sexual assault and two counts of sexual abuse by a parent, guardian or custodian. Petitioner was accused of sexual assault and abuse of his own daughter and the four-year-old daughter of a friend. The indictment was assigned to Judge John Cummings, and Robert Wilkinson, Esq., was appointed to represent the Defendant. A jury trial was held in the matter in January, 1997. Prior to trial, Count IV of the indictment that concerned Petitioner's daughter and alleged one count of sexual abuse by a parent, guardian or custodian was dismissed.

The jury found Petitioner guilty of two counts of first degree sexual assault and one count of sexual abuse by a parent, guardian or custodian. The Petitioner was subsequently sentenced to serve 15 to 35 years on each count of first degree sexual assault (Counts I and II), sentences to be served concurrently, and 5 to 15 years on the count of sexual abuse by a parent, guardian or custodian (Count III), sentence to be served consecutively to the sentence received in Count II.

Petitioner appealed his conviction, however, the West Virginia Supreme Court of Appeals declined to hear the appeal.

Petitioner filed his pro se Petition for a Writ of Habeas Corpus ad Sujiciendum on April 28, 1999. The case was assigned to Judge John Cummings and George Stolze, Esq., was appointed to represent the Petitioner. An amended petition was filed on July 12, 2000, by Mr. Stolze. A hearing was held on May 30, 2001. The May 30, 2001, hearing has been transcribed, and a copy of that transcription is in the court file.

2

At the May 30th hearing, the only witness called was Robert Wilkinson, Petitioner's defense counsel at trial. The testimony of Mr. Wilkinson was heard by the Court. Mr. Wilkinson's testimony covered all of the contentions of the petition. The hearing was continued generally for counsel to determine if he had other witnesses to call; namely, whether the Petitioner would testify. The Court was also waiting on possible testimony from a Detective Scott Fuller. Detective Fuller filed an affidavit with the Court on October 6, 2009, that indicated he did not have any information that would assist the Court in this matter.

George Stolze was replaced with Glen Conway, Esq., by order entered on November 15, 2004 (when Mr. Conway inherited Mr. Stolze's various clients). Various notices were given of another hearing or status conference to be held in 2008. It is not clear from the record whether another hearing ever took place, and no final order was ever entered in this matter.

Judge Hustead inherited Judge Cummings' docket when she was elected. Judge Hustead recused herself from this matter due to her having been a member of the office of the prosecuting attorney at the time of Petitioner's trial and conviction. The matter was transferred to Judge O'Hanlon by order entered on November 4, 2009.

This matter was set for status conference on January 22, 2010. At that status conference, Christopher Chiles, Esq., Prosecutor for Cabell County, and Mr. Conway, conferred informally with Judge O'Hanlon. A determination was made by the Court that no further hearing would take place and that a final order should be entered in this matter.

## ISSUES

Petitioner asserts four grounds in his petition. They are as follows:

3

1. Confession: The Court erred in allowing statements by the Petitioner to law enforcement personnel. Petitioner's statement to a state trooper was not voluntary and was given upon release from a hospital.

2. Other crimes and wrongs: The Court erred in allowing the introduction of a separate instance of sexual abuse involving a minor child.

3. Prosecutorial misconduct: Prosecutor made inappropriate comments during trial and allowed a former member of the Public Defender's office to participate in the prosecution.

4. Ineffective assistance of counsel: Defense Counsel should have had the child victim examined by a physician.

## DISCUSSION

A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed. Syl. Pt. 4, State ex rel. McMannis v. Mohn, 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied*, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983). A copy of the transcript of the hearing held on May 30, 2001, has been made a part of the record. This Court thoroughly reviewed that transcript, along with the rest of the record. The issues in this matter from Petitioner's amended petition are as follows:

### 1. Petitioner's Confession

The statement attributed to the Petitioner resulted from an investigation by members of the West Virginia Department of Public Safety on May 4, 1996. Petitioner first alleges that he could not have waived his right to counsel because he was physically and mentally incapable of

4

making an intelligent and knowing waiver of his rights at the time. Second, Petitioner contends that the statement in question resulted from an interrogation conducted after the Petitioner had previously refused to speak to the authorities without counsel being present. Petitioner asserts that admission of the confession/admissions were in violation of his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

Detective Scott Fuller investigated the allegations of sexual abuse involving the Petitioner. During an interview of the Petitioner by Detective Fuller, Petitioner evidently requested an opportunity to contact an attorney before a warrant for his arrest was issued. Petitioner maintains that Detective Fuller agreed to this request and the interview was terminated.

On May 3, 1996, Detective Fuller secured a warrant for the arrest of the Petitioner. Prior to this warrant being executed, Petitioner evidently ingested a large quantity of valium and other drugs in a suicide attempt and was admitted to Cabell Huntington Hospital. Petitioner was discharged on May 4, 1996. Prior to his discharge, the West Virginia Department of Public Safety was notified by a doctor of Petitioner's imminent discharge. Upon Petitioner's discharge, Troopers Mark Muncy and A.H. Arnold, Jr. arrested the Petitioner. Trooper Arnold testified at trial that he "mirandized" the Petitioner. These troopers evidently made "rough notes" of Petitioner's comments and statements made during and immediately after Petitioner's arrest. In their "rough notes," these troopers made an entry that Petitioner explicitly denied committing one of the offenses alleged (sexual abuse of his own daughter).

The troopers then interviewed the Petitioner. One of the troopers evidently testified that Petitioner had waived his right to counsel. Petitioner evidently gave a statement to the troopers

5

that was a confession or admission to the some or all of the crimes committed against the friend's daughter (Counts I, II and III of the indictment).

Petitioner alleges that he does not recall giving this statement of admission to some or all of the crimes to the troopers and blamed his recent ingestion of drugs and admission to the hospital to treat his overdose as cause for his faulty memory. Petitioner further contends he could not have made a knowing and intelligent waiver of his right to remain silent when he was interviewed shortly after his release from the hospital.

Defense Counsel Robert Wilkinson testified at the habeas hearing that he had an investigator talk to the doctors involved in Petitioner's care and that Petitioner's medical records were submitted to an individual with the Department of Pharmacology at Marshall University and to a psychiatrist. This testimony appears in the Habeas Hearing Transcript at pages 26-28. Mr. Wilkinson testified that the report from Pharmacology concluded that the drugs ingested by the Petitioner and the medicine used by the hospital would not have interfered with Petitioner's ability to answer questions by the troopers. The report concluded there was no medical reason to believe that any of the drugs Petitioner took, whether self-administered or administered by health professionals, would have affected his ability to recall the events of the afternoon of his release from the hospital. Petitioner maintains he does not remember anything from the interview by state troopers that took place on the afternoon of Petitioner's release from the hospital, however, Mr. Wilkinson testified he could not uncover anything to back up that testimony.

When evaluating the voluntariness of a confession, a determination must be made as to whether the defendant knowingly and intelligently waived his constitutional rights and whether the confession was the product of an essentially free and unconstrained choice by its maker. State v. Bradshaw, 193 W.Va. 519, 457 S.E.2d 456 (1995). Voluntariness of a confession is an

6

inquiry that must be gauged by the totality of the circumstances under which it was given, including the background, experience and conduct of the accused. State v. Persinger, 169 W.Va. 121, 286 S.E.2d 261 (1982). The State must prove, at least by a preponderance of the evidence, that confessions or statements of an accused which amount to admissions of part or all of an offense were voluntary before such may be admitted into the evidence of a criminal case. State v. Vance, 162 W.Va. 467, 250 S.E.2d 146 (1978).

The circumstances surrounding the taking of the confession or statements against interest at issue in the present case were heard at trial, and the trial judge determined that these statements/confession were voluntary. It is well established rule in West Virginia that a trial court has wide discretion in regard to the admissibility of confessions and ordinarily such discretion will not be disturbed on review. State v. Vance, 162 W.Va. 467, 250 S.E.2d 146 (1978). The totality of the circumstances surrounding this issue point to the fact that the Petitioner had waived his rights and the statement was given freely and voluntarily and without coercion. A trial court's decision regarding the voluntariness of a confession will not be disturbed unless it is plainly wrong or clearly against the weight of the evidence. State v. Vance, 162 W.Va. 467, 250 S.E.2d 146 (1978). Petitioner did not carry his burden of showing that the admission of his confession was plainly wrong or clearly against the weight of the evidence.

Petitioner's second contention is a little unclear, however, this Court believes the contention to be that, since Petitioner had told Detective Fuller that he had asked to speak to an attorney prior to an arrest warrant being issued, that this request for an attorney should have extended to his arrest by the state troopers, and they should not have interviewed him without an attorney present. Petitioner does not allege that he asked for an attorney and was deprived.

7

The West Virginia Supreme Court of Appeals has ruled that inculpatory statements made by a defendant following *Miranda* warnings were voluntary, despite a defendant's ambiguous request for counsel, given that *Miranda* rights were read and explained and defendant signed the waiver numerous times, and the police asked clarifying questions following defendant's ambiguous exceptions. State v. Bradshaw, 193 W.Va. 519, 457 S.E.2d 456 (1995). Petitioner did not carry his burden and show that he had asked for an attorney and/or for the interview to be terminated.

This issue is decided against the Petitioner.

2.  **Other crimes and wrongs**

Petitioner contends the Court erred in allowing the introduction of a separate instance of sexual abuse involving a minor child. It is the contention of the Petitioner that the only purpose in offering such evidence was to prejudice the jury against the Petitioner. Petitioner contends that the Court failed to require the State, in an *in camera* hearing, to prove by a preponderance of the evidence whether such acts had occurred and that the Petitioner had committed such acts. Therefore, the Petitioner contends that the probative value of such evidence clearly outweighed its prejudicial effect, and that the admission of these other wrongs or crimes outside those charged in the indictment unfairly prejudiced the Petitioner, thereby denying him due process of law.

Mr. Wilkinson testified a the habeas hearing that the trial court held a Section 404(b) hearing regarding this evidence, and Judge Cummings found the evidence to be admissible. Testimony regarding this issue can be found at pages 28-31 of the Habeas Hearing Transcript.

Petitioner did not carry his burden of showing that this admission was in violation of constitutional standards.

Petitioner contends the State was also allowed to introduce and comment on evidence that the Petitioner possessed video and photos intended for adult viewers, and that he possessed sexual aids. Petitioner contends this evidence was introduced only to depict the Petitioner as a perverted and predatory person, a theme Petitioner contends was repeatedly referred to by the prosecution in its *voir dire*, opening statement, and summation.

Mr. Wilkinson testified that certain objections to the characterization of the Petitioner by the Prosecutor were made, but not in every instance. Mr. Wilkinson also testified that he probably did not object during the Prosecutor's closing argument, so as to not interrupt the speech by the prosecutor. This is often the protocol and etiquette of the courtroom.

Petitioner also contends that the State introduced evidence that the Petitioner was a domestic batterer, and that the introduction of this evidence was only for the purpose of further poisoning the minds of the jurors. Testimony regarding this contention is found at pages 33-34 of the Habeas Hearing Transcript.

The trial judge allowed testimony by Petitioner's minor daughter, although this count of the indictment had been dismissed prior to trial. Petitioner's daughter evidently testified to one incident of sexual abuse. Petitioner contends this testimony was admitted in error and Petitioner was unfairly prejudiced by the Court's refusal to exclude this evidence. Testimony regarding this contention is found at pages 34-35 of the Habeas Hearing Transcript.

An error in the admission of testimony by the trial court judge is only cognizable in a habeas corpus petition if the Petitioner shows that the admission of testimony of a witness violates any specific constitutional right. W.Va. Code § 53-4A-1; Hatcher v. McBride, 221

9

W.Va. 5, 650 S.E.2d 104 (2006). State court evidentiary rulings respecting the admission of evidence are cognizable in a habeas corpus only to the extent they violate specific constitutional provisions or are so egregious as to render the entire trial fundamentally unfair and thereby violate due process under the Fourteenth Amendment. Estelle v. McGuire, 502 U.S. 62 (1991); Hatcher v. McBride, 221 W.Va. 5, 650 S.E.2d 104 (2006).

Petitioner alleges that his right to a fair and impartial jury trial, as secured by the Sixth Amendment, was denied when the trial court allowed the introduction of this evidence. A review of the record reveals that Petitioner did not carry the burden of showing that the evidentiary ruling violated specific constitutional provisiosn or was so egregious as to render the entire trial fundamentally unfair. The statement by Petitioner that the admission of the testimony violated his right to a fair and impartial jury trial without reference to any further specific constitutional right should not be allowed to change this contention from exactly what it is, a contention of ordinary trial error.

The Petitioner failed to show that the admission of the testimony of his minor daughter violated any specific constitutional right. Further, this Court cannot say, based upon the record, that the trial court abused its discretion in weighing the probative value of the daughter's testimony against potential prejudice to the defendant. Even if that could be so found, the prejudice would have to be so egregious as to constitute a denial of due process, which did not occur here. This issue is decided against the Petitioner.

### 3. Prosecutorial misconduct

Petitioner contends that the State repeatedly referred to the Petitioner as a perverted, lustful and predatory person and that allowance of this language by the Court was improper.

10

Testimony regarding this contention is found at pages 31-34 of the Habeas Hearing Transcript. The claim that the prosecutor engaged in prosecutorial misconduct by making allegedly improper remarks does not implicate Petitioner's constitutional rights in such manner as to be reviewable under a habeas corpus petition. Petitioner's trial was not rendered fundamentally unfair because of the statements by the prosecutor.

The Petitioner also contends that Jennifer Wilson, one of the attorneys who prosecuted the case against the Petitioner, was a member of the Public Defender's office. Petitioner contends that Ms. Wilson should not have participated in the prosecution of the Petitioner, and that Ms. Wilson's participation deprived the Petitioner of due process. This testimony appears at pages 6-26 of the Habeas Hearing Transcript.

Judge Cummings did investigate whether Ms. Wilson should be allowed to participate in the prosecution of the Petitioner. Ms. Wilson reported that she had no recollection of having any connection with the Petitioner's defense during the time Petitioner was represented by the Public Defender's office. Mr. Wilkinson also testified at the habeas hearing that he did not recall Ms. Wilson having any connection with Petitioner's defense. Mr. Wilkinson testified that it was unlikely Ms. Wilson had any connection with Petitioner's defense, primarily because the original case Petitioner had at the time Ms. Wilson was a member of the P.D.'s office was a domestic violence case. Moreover, the domestic violence case that was pending at the time of Ms. Wilson's tenure in the P.D.'s office did not have anything to do with Petitioner's indictment at issue here.

Mr. Wilkinson also testified that he had informed the Petitioner regarding Ms. Wilson having previously been with the P.D.'s office. There is nothing in the record to indicate that Petitioner objected to her involvement at the time.

11

This allegation is decided against the Petitioner.

## 4. Ineffective assistance of counsel

Petitioner contends that defense counsel did not move the Court to have the alleged victim examined by a physician. The child testified that she had been vaginally and perhaps anally penetrated. Petitioner contends that defense counsel also knew the child had been examined in another city and did not call that physician to testify. Petitioner contends that had the child been examined, the medical evidence would have been crucial to his defense.

Mr. Wilkinson testified that the decision not to have the child examined was a trial strategy. Testimony regarding this contention is found at pages 34-38 of the Habeas Hearing Transcript. The children had been interviewed, and Mr. Wilkinson had the interviews examined by professionals. These professionals had concluded that the interviews were not coached or coerced and were probative of what had occurred due to the things the children had said almost spontaneously. See Habeas Hearing Transcript, page 35, lines 13-18. Because of this fact, defense counsel was left with a difficult choice of asking for an examination by a physician which might produce evidence that weighed against his client, or being able to argue that the case was basically a "he said-she said" kind of situation.

Defense counsel determined that the better trial strategy was not to risk an examination that might produce evidence against his client and to argue the "he said-she said" angle. Transcript of Hearing, page 36. Defense counsel also testified that trial strategy was discussed with his client. Transcript of Hearing, pages 36-37.

The threshold question in analyzing effectiveness of counsel assistance is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial

12

cannot be relied on has having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). In Strickland, the United States Supreme Court held that the proper standard for attorney performance is that of reasonably effective assistance. Id.

Claims of ineffective assistance of counsel are to be governed by two-pronged test: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. State ex rel. Hatcher v. McBride, 221 W.Va. 760, 656 S.E.2d 789 (2007).

Defense counsel's decision not to have the child examined by a physician was a decision involving trial strategy and this Court should not determine that decision to be ineffective assistance. Defense counsel was worried that an examination could actually produce evidence against his client, thus, the decision not to order an examination was a reasonable one. There is also not a reasonable probability that the result of the proceedings would have been different, but for counsel's unprofessional errors.

Petitioner fails to address how trial counsel's alleged errors would or even could have led to a different result. Defense counsel's trial strategy to proceed on a "he said-she said" defense and not have the child examined was not outside the broad range of professionally competent assistance. Therefore, per Strickland, defense counsel's trial strategy was reasonable and Petitioner was not denied effective assistance.

This issue is decided against the Petitioner.

## CONCLUSION

13

The decision as to whether to grant relief, deny relief, or to hold an evidentiary hearing on factual issues, if any exist, in a habeas corpus petition is a matter of discretion with the courts of West Virginia. Ravnell v. Coiner, 320 F.Supp. 1117 (N.D. W. Va. 1979). This Court has determined that no further hearing is necessary, and that all issues in the Petition are decided against the Petitioner.

THEREFORE, it is accordingly **ADJUDGED, ORDERED** and **DECREED**, that the Petitioner is entitled to no relief, and it is therefore Ordered that the writ heretofore issued is discharged and held for naught, and that the Petition herein be dismissed with prejudice from the docket of this Court.

The Clerk shall send certified copies of this Order as follows:

Office of the Prosecuting Attorney
Cabell County Courthouse
750 Fifth Avenue
Huntington, WV 25701

Abraham Saad, Esq.
Abraham J. Saad, PLLC
P.O. Box 1638
Huntington, WV 25717-1638

C            B.
Inmate #
Huttonsville Correctional Center
P.O. Box 1
Huttonsville, WV 26273

Enter this Order this ___ day of March 2013.

Chief Judge Paul T. Farrell
Sixth Judicial Circuit

I, JEFFREY E. HOOD, CLERK OF THE CIRCUIT COURT FOR THE COUNTY AND STATE AFORESAID DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE COPY FROM THE RECORDS OF SAID COURT ENTERED ON _____
GIVEN UNDER MY HAND AND SEAL OF SAID COURT
THIS _____ APR 2 6 2013 _____
_____ CLERK
CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

14